E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

July 17 2026 3:40 PM

PIERCE COUNTY CLERK
NO: 26-2-10257-6

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR PIERCE COUNTY

| | |
|---|---|
| JOHN SANTIAGO, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>THE LIV GROUP, INC. d/b/a LIQUID I.V.,<br>Defendant. | NO.<br>CLASS ACTION COMPLAINT |

## I. SUMMARY OF THE CASE.

1. Deceptive emails plague consumers' inboxes. The Washington legislature, concerned with deception in emails, enacted the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190, which, among other things, prohibits any person from sending a commercial email with a false or misleading subject line. RCW 19.190.020.

2. Defendant The LIV Group, Inc. d/b/a Liquid I.V. ("Liquid I.V." or "Defendant") is one of the largest hydration and wellness brands in the United States, selling powdered hydration and related products directly to consumers online. It sends a high volume of marketing emails to Washington consumers on its email list.

3. Liquid I.V. routinely sends marketing emails whose subject lines announce that a sale or discount "ends" that very day or night—for example, "**Your 30% Off Ends Today**" and "**30% Off Ends Tonight**." Each such email tells the recipient to act before a stated deadline to claim a discount, and supplies a coupon code to be used at checkout. The deadline



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

is a fiction. The coupon codes do not expire when the subject line says the sale ends. Instead, the same codes remain valid and accepted at checkout after the announced deadline has passed—including on later days when Defendant sends a new email declaring that the very same discount is "ending" all over again.

4. These subject lines were materially false and misleading. Each represented that a discount was about to disappear—that the sale would end that day or "tonight"—when in fact the advertised discount remained available through the same coupon code after the stated deadline, and was frequently offered again through the same code in a later email. The false urgency was designed to induce reasonable consumers to believe they had to buy immediately or lose the deal.

5. Plaintiff John Santiago is a Washington resident who received these deceptive emails from Liquid I.V. He brings this class action for himself and other Washington residents who received Liquid I.V.'s emails bearing false or misleading deadline statements in their subject lines.

## II. PARTIES.

6. Plaintiff John Santiago is a resident and citizen of the State of Washington, residing in Spanaway, Pierce County, Washington.

7. The proposed Class includes residents of Washington.

8. Defendant The LIV Group, Inc. d/b/a Liquid I.V. is a stock corporation incorporated in Delaware with headquarters at 2121 Park Place, El Segundo, California 90245. Liquid I.V. is a subsidiary of Unilever. Defendant operates the e-commerce website www.liquid-iv.com and transacts business throughout the United States, including in Washington.

## III. JURISDICTION AND VENUE.

9. This Court has subject matter jurisdiction under the Washington State Constitution, which sets forth the jurisdiction of Washington Superior Courts. This Court also



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

has subject matter jurisdiction under the Consumer Protection Act ("CPA"), RCW 19.86.090, and the Commercial Electronic Mail Act ("CEMA"), RCW 19.190.090, which give Washington Superior Courts jurisdiction over claims brought under the CPA and CEMA.

10. This Court has personal jurisdiction over Defendant under RCW 4.28.185. Defendant transacts business in Washington and the claims giving rise to this action arise from Defendant's transaction of business in this state and also Defendant's purposeful transmission of electronic mail messages to Washington residents. This Court also has personal jurisdiction over Defendant under RCW 19.86.160 because it has engaged in conduct in violation of the CPA that has had an impact in Washington.

11. Venue is proper in Pierce County under RCW 4.12.025 because Defendant transacts business in Pierce County by selling products to consumers living in Pierce County and by sending commercial electronic mail messages to residents of Pierce County. Plaintiff resides in Pierce County, and a substantial part of the events giving rise to this action—including Defendant's transmission of the deceptive emails to Plaintiff and the resulting injury to Washington consumers—occurred in Pierce County.

## IV. FACTS.

12. Liquid I.V. sells powdered hydration mixes, supplements, and related wellness products directly to consumers online, through its website www.liquid-iv.com. It describes itself as the number-one powdered hydration brand in the United States, and its products are also sold in tens of thousands of retail stores nationwide.

13. Liquid I.V. maintains a large marketing email list that includes Washington residents. It sends commercial email messages to this list frequently, often several times per week, from the address info@liquid-iv.com.

*Liquid I.V. uses false urgency in its email subject lines.*

14. A recurring feature of Liquid I.V.'s email marketing is artificial urgency. Liquid I.V. frequently sends emails whose subject lines represent that a sale, discount, or price is



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

available only for a limited time and is about to end (the "False Urgency Emails"). These subject lines announce, for example, that a discount "Ends Today," "Ends TONIGHT," or is available for a stated window "only." In reality, and by design, the discount does not end when represented. Liquid I.V. continues, repeats, or expressly extends the same discount after the represented end date, using the same coupon code.

15. These discounts are not continued or extended because of remaining inventory or because Liquid I.V. employees decided at the last minute to continue the promotion. Rather, the discounts continue beyond the represented end date because Liquid I.V. planned for them to continue beyond that date.

16. Instead of drafting and sending marketing emails on the same day, sophisticated companies like Liquid I.V. carefully plan and schedule their marketing emails in advance. Email marketers first schedule a plan well ahead of sending an individual email, planning product launches, holidays, and seasonal events on a yearly and quarterly basis.[1] They then draft emails in advance and use automation features to schedule delivery of each email, timed not only by day but by time of day.[2]

17. These False Urgency Emails have the capacity, tendency, or effect of deceiving consumers into believing that it is their last chance to obtain a particular discount. The Federal Trade Commission has recognized that a common method of manipulating consumer choice is creating a false sense of urgency that a consumer's time to act is limited, and has described "False Limited Time Message[s]" that create "pressure to buy immediately by saying the offer is good only for a limited time or that the deal ends soon—but without a deadline or with a

---

[1] Benchmark, *Seasonal Campaigns Made Easy: How to Pre-Schedule Your Entire Year's Worth of Emails*, https://www.benchmarkemail.com/blog/seasonal-email-campaigns/ (last accessed July 14, 2026).

[2] Mailchimp, *What Is the Best Time to Send a Marketing Email Blast?*, https://mailchimp.com/resources/insights-from-mailchimps-send-time-optimization-system/ (last accessed July 14, 2026).



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

meaningless deadline that just resets when reached."[3] The FTC has likewise directed that sellers should not make a "limited" offer which, in fact, is not limited. 16 C.F.R. § 233.5.

18. False time-scarcity claims have the capacity or tendency to deceive consumers by making them believe they have to act now or lose the opportunity to get the deal. Liquid I.V. uses this tactic to induce customers to purchase its products based on fear of missing a good deal, rather than genuine desire to purchase the products at that time.

19. The Washington Supreme Court has recognized that subject-line statements about the duration or availability of a promotion are statements of fact that consumers rely on, and that subject lines indicating a sale is ending—when it is not—violate CEMA. See Brown v. Old Navy, LLC, 4 Wn.3d 580, 596 (2025) (holding that "representations of fact [in email subject lines]—like the duration or availability of a promotion, its terms and nature, the cost of goods, and other facts" are statements that consumers "would depend on in making their consumer decisions").

*Liquid I.V. sent Plaintiff False Urgency Emails whose deadlines were false.*

20. Plaintiff John Santiago is a subscriber to Liquid I.V.'s marketing email list and received Liquid I.V.'s commercial emails at his email address. Plaintiff received and read the subject lines of the False Urgency Emails identified below at or around the time they were sent.

21. In early July 2026, Liquid I.V. ran a 30% off promotion that it repeatedly represented as ending, while in fact continuing the identical promotion under the identical coupon code across successive days. On July 2, 2026, Liquid I.V. launched the promotion in an email titled "**30% OFF Just Dropped!**," describing it as "Our biggest sale of the year." Over the following days, Liquid I.V. sent Plaintiff a series of emails pressing the same 30% discount, including "**You're missing 30% OFF a holiday necessity**" (July 3), "**It's time to rehydrate with 30% Off**" (July 5), and "**Your 30% Off Ends Today**" (July 6).

[3] Fed. Trade Comm'n, *Bringing Dark Patterns to Light*, at 4, 22 (2022), https://www.ftc.gov/reports/bringing-dark-patterns-light.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

22. Despite representing on July 6 that the 30% discount would "Ends Today," Liquid I.V. sent Plaintiff another email the next day, July 7, 2026, titled "**EXTENDED: 30% off for 1 more day**," the body of which stated it was the "Final day to use code 4JULY2026." Then, on July 8, 2026—the day after the represented "final day"—Liquid I.V. sent yet another email, titled "**Heads Up: 30% Off Ends Tonight**," which offered the very same 30% discount and instructed the recipient that "You have a few hours left, don't wait to use code 4JULY2026."

23. The "Your 30% Off Ends Today" representation on July 6 was false, and the "Final day to use code 4JULY2026" representation on July 7 was false: the identical 30% discount, redeemable through the identical code "4JULY2026," remained available on July 7 and again on July 8. The following exhibit illustrates that the 30% discount represented as ending did not, in fact, end:

| **Date Sent** | **Subject Line (verbatim)** | **What the Email Showed** |
|---|---|---|
| July 2, 2026 | 30% OFF Just Dropped! | "Our biggest sale of the year is finally here" |
| July 3, 2026 | You're missing 30% OFF a holiday necessity | 30% discount promoted |
| July 5, 2026 | It's time to rehydrate with 30% Off | 30% discount promoted |
| July 6, 2026 | Your 30% Off Ends Today | Represents 30% discount ends that day |
| July 7, 2026 | EXTENDED: 30% off for 1 more day | "Final day to use code 4JULY2026" |
| July 8, 2026 | Heads Up: 30% Off Ends Tonight | "use code 4JULY2026" — same 30% discount, same code |

24. Liquid I.V. used the same false-deadline device with its 25% off promotions. On June 22, 2026, Liquid I.V. sent Plaintiff an email titled "**25% OFF Flash Sale!**" that represented the sale was "Only here for 72 hours." The day before, on June 23, 2026, Liquid I.V. had already distributed the same 25% discount through code "NHD2026" ("Code



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

NHD2026 at checkout"). Then, on June 24, 2026—more than 72 hours after the "Flash Sale" began, and after the code was already in circulation—Liquid I.V. sent Plaintiff an email titled "**25% OFF Flash Sale Ends TONIGHT**," urging "It's now or never" and to "use code NHD2026." The same 25% discount, redeemable through the same code, thus remained available after the represented "72 hour" window.

25. Similarly, in late May 2026, Liquid I.V. sent Plaintiff a rapid succession of emails each conveying that a 25% discount was slipping away—including "**25% OFF for the long weekend!**" (May 21), "**Don't regret missing 25% OFF**" (May 22), and "**25% OFF before Monday hits**" (May 23)—before sending, on May 26, 2026, an email titled "**Extended! 25% OFF today only!**," confirming that the discount represented as ending had instead continued.

*Liquid I.V. knew its subject-line representations were false.*

26. Liquid I.V. knew, or acted with reckless disregard of the fact, that the information in the subject lines of the False Urgency Emails was false or misleading, because (a) Liquid I.V. itself created the coupon codes, set (or declined to set) their expiration parameters, and scheduled the same discounts to continue and recur after the represented end dates; (b) Liquid I.V.'s own follow-up emails distributed the identical coupon code—for example, "4JULY2026" and "NHD2026"—after representing that the discount was ending; and (c) Liquid I.V. repeated the same false-deadline device across successive dates and promotions.

27. By making these representations of material fact in the subject lines of the challenged emails, Liquid I.V. intended to deceive consumers into believing that a discount was imminently ending when, in reality and by design, Liquid I.V. knew it was not.

*Liquid I.V. knew, or had reason to know, that Plaintiff is a Washington resident.*

28. Defendant knows, or has reason to know, that it sent these emails to Washington residents, including Plaintiff. Defendant knows where the recipients of its emails reside because (i) Defendant has physical addresses associated with recipients' accounts or orders; (ii)



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Defendant employs cookies, pixels, and other online tracking technologies, and gathers IP-address and geolocation data, to identify and locate the consumers who open its emails and click its links; and (iii) information concerning the residency of the recipients is available on request from the registrant of the internet domain name contained in the recipients' email addresses.

29. Each of the False Urgency Emails conveyed to Plaintiff the false impression that he had to act before a stated deadline to obtain the advertised discount, when in fact the discount remained available—through the same coupon code—after the deadline passed. Plaintiff received these commercial emails containing false or misleading subject lines in violation of his statutory right under CEMA, which the Washington Legislature has deemed a "matter[] vitally affecting the public interest." RCW 19.190.030.

30. Plaintiff continues to receive emails from Liquid I.V. Because Plaintiff did not retain every email he received, he is not presently able to identify all of the False Urgency Emails he received. Defendant is aware of all the emails it has sent Plaintiff, and discovery will show the full number of False Urgency Emails Defendant sent to Plaintiff and the Class throughout the relevant period.

## V. CLASS ACTION ALLEGATIONS.

31. Plaintiff brings the asserted claims on behalf of the proposed Class of all Washington residents who received a Liquid I.V. commercial email containing a false or misleading deadline statement in its subject line.

32. The following people are excluded from the proposed Class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

released; (5) Plaintiffs' counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

*Numerosity*

33. The proposed Class contains members so numerous that separate joinder of each member of the Class is impractical. There are at least thousands of Class members in Washington.

34. Class members can be identified through Defendant's electronic mailing lists and public notice.

*Predominance of Common Questions*

35. There are questions of law and fact common to the proposed Class. Common questions of law and fact include, without limitation:

(1) whether Defendant's email subject lines are false or misleading;

(2) whether Defendant's email subject lines violate CEMA;

(3) whether Defendant's email subject lines violate the CPA;

(4) the greater of actual damages and statutory damages due to Plaintiff and the proposed Class.

*Typicality & Adequacy*

36. Like members of the proposed Class, Plaintiff received commercial emails from Defendant bearing false or misleading deadline statements in their subject lines.

37. There are no conflicts of interest between Plaintiff and the Class.

*Superiority*

38. A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## VI. CLAIMS.

**Count 1: Washington's Commercial Electronic Mail Act (CEMA)**

39. Plaintiff incorporates the facts alleged above.

40. Plaintiff brings this cause of action for himself and members of the Class.

41. Liquid I.V. is a "person" under CEMA. RCW 19.190.010(11).

42. As alleged more fully above, Liquid I.V. violated CEMA by initiating the transmission of commercial electronic mail messages that contained false or misleading information in the subject line to Plaintiff's and Class members' electronic mail addresses.

43. Defendant sent these emails to Plaintiff and Class members for the purpose of promoting its products for sale.

44. Defendant knew or had reason to know that it transmitted these emails to addresses held by Washington residents, including Plaintiff.

45. Defendant's acts and omissions violated RCW 19.190.020(1)(b).

46. Defendant's acts and omissions injured Plaintiff and Class members.

47. The balance of equities favors the entry of permanent injunctive relief against Defendant. Plaintiff, members of the Class, and the public will be irreparably harmed absent the entry of permanent injunctive relief against Defendant. A permanent injunction against Defendant is in the public interest. Without the entry of a permanent injunction, Defendant's unlawful behavior will not cease and, in the unlikely event that it voluntarily ceases, is likely to reoccur.

48. Plaintiff and Class members are therefore entitled to injunctive relief in the form of an order enjoining further violations of RCW 19.190.020(1)(b).

**Count 2: Washington's Consumer Protection Act (CPA)**

49. Plaintiff incorporates the facts alleged above.

50. Plaintiff brings this cause of action on behalf of himself and members of the Class.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

51. Plaintiff and Class members are "persons" within the meaning of the CPA. RCW 19.86.010(1).

52. As alleged above, Defendant violated CEMA by initiating the transmission of commercial electronic mail messages to Plaintiff and Class members that contained false or misleading information in the subject line.

53. A violation of CEMA is a per se violation of the CPA. RCW 19.190.030(1).

54. A violation of CEMA establishes all elements of the CPA as a matter of law.

55. As alleged more fully above, Defendant's transmission of commercial electronic mail messages to Plaintiff and Class members that contained false or misleading information in the subject line also violates the CPA because it constitutes unfair or deceptive practices that occur in trade or commerce.

*Unfair Acts or Practices*

56. As alleged in detail above, Defendant committed "unfair" acts by sending emails with false and misleading subject lines.

57. The harm to Plaintiff and the Class greatly outweighs the public utility of Defendant's conduct. There is no public utility to misrepresenting the nature and duration of sales. Plaintiff's and the Class's injury was not outweighed by any countervailing benefits to consumers or competition. Misleading consumers only injures healthy competition and harms consumers.

*Deceptive Acts or Practices*

58. As alleged in detail above, Defendant's emails were deceptive.

59. Defendant's representations were likely to deceive Plaintiff and other reasonable recipients. Defendant knew, or should have known through the exercise of reasonable care, that these statements were false and misleading.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

60. Defendant's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.030(3); RCW 19.190.100.

61. Defendant's acts and omissions caused injury to Plaintiff and Class members. In addition, violations of CEMA establish the injury and causation elements of a CPA claim as a matter of law.

62. Under the CPA, "[p]rivate rights of action may … be maintained for recovery of actual damages, costs, and a reasonable attorney's fee. A private plaintiff may be eligible for treble damages," and "may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction) (internal citations omitted); RCW 19.86.090.

63. Under CEMA, damages to the recipient of a commercial electronic mail message sent in violation of the statute are the greater of $100 or actual damages for each violating email. RCW 19.190.040. Receipt of a message that violates CEMA constitutes injury under the CPA without any showing of harm beyond receipt of the unlawful message itself. In addition, Plaintiff and Class members seek treble damages, which are permitted under the CPA, including for CEMA violations. Plaintiff seeks treble damages to deter Defendant and other persons from committing CEMA violations, and to punish Defendant for its false and misleading advertising practices.

64. Plaintiff and Class members are also entitled to seek, and do seek, injunctive relief prohibiting Defendant's further violations of the CPA.

## VII. PRAYER FOR RELIEF.

65. Plaintiff seeks the following relief for himself and the proposed Class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed Class;
- The greater of actual or statutory damages, treble damages, and punitive



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

damages where applicable;

- Pre- and post-judgment interest;
- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

DATED this 17th day of July, 2026.

TOUSLEY BRAIN STEPHENS PLLC

By: s/ *Kim D. Stephens, P.S.*
By: s/ *Cecily C. Jordan*

Kim D. Stephens, P.S., WSBA #11984
kstephens@tousley.com
Cecily C. Jordan, WSBA #50061
cjordan@tousley.com
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Tel: 206.682.5600/Fax: 206.682.2992

*Local Counsel*

Tyler Ewigleben*
tyler@jefirm.com
JENNINGS & EARLY PLLC
500 President Clinton Avenue, Suite 110
Little Rock, Arkansas 72201
Tel: 601.270.0197
* *Pro Hac Vice Application to be submitted*

*Counsel for Plaintiff*